
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARMINDER SINGH, | No. 13-71108 |
| Petitioner, | Agency No. A096-493-795 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2015**
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Parminder Singh moved to reopen removal proceedings against him. The

Board of Immigration Appeals denied his motion. We deny Singh's petition for

review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Singh applied for asylum on March 2, 2003.  The IJ denied his application on December 17, 2008, after a hearing.  The Board affirmed, concluding Singh could relocate to another part of India.  See 8 C.F.R. § 1208.13(b)(1)(i)(B).  Singh did not appeal the Board's decision.

Singh's motion to reopen on February 13, 2013, was filed more than two years after the Board's December 7, 2010 decision, well past the 90 day deadline.  His motion is therefore untimely.  8 C.F.R. § 1003.2(c)(2).  He claims changed circumstances in his country.  8 C.F.R. § 1003.2(c)(3)(ii); Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010).  To qualify for that exception, Singh must show (1) evidence that conditions in India have changed since his 2008 hearing, (2) the evidence is material, (3) the evidence was not "available and would not have been discovered or presented" at his 2008 hearing, and (4) the evidence, "when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."  Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir. 2008) (quoting Bhasin v. Gonzales, 423 F.3d 977, 984 (9th Cir. 2005)).  In short, Singh must present "qualitatively different" evidence than the evidence before the IJ at Singh's 2008 hearing.  Najmabadi, 597 F.3d at 987.  We review the Board's denial of Singh's motion for abuse of discretion.  I.N.S. v.

2

Doherty, 502 U.S. 314, 323 (1992). Unless the Board acted "arbitrarily, irrationally or contrary to law," we will affirm. Toufighi, 538 F.3d at 992.

Singh's evidence is insufficient to support an exception to the deadline for moving to reopen. Some of the evidence predated the 2008 hearing, such as anti-Sikh violence in Delhi more than 20 years before. Other information was not material, including the affidavits by his family members and internet news articles. That new evidence suggests that Singh may be at risk if he lived in Punjab, but his asylum claim was denied on the ground that he could live without fear of prosecution outside Punjab. Finally, Singh's new evidence would not likely change the outcome of his case because it is so similar to the evidence he presented at his 2008 hearing. See Najmabadi, 597 F.3d at 989; In re S-Y-G-, 24 I. & N. Dec. 247, 253 (BIA 2007). Because the Board did not abuse its discretion, Singh's petition for review is DENIED.